UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEXTER EARL HOLLINS,

        Plaintiff,                Case No. 1:13-cv-8

v.                                          Honorable Janet T. Neff

CINDI CURTIN et al.,

        Defendants.
_____/

## MEMORANDUM OPINION AND ORDER DENYING RECONSIDERATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On April 19, 2013, the Court issued an opinion and order (docket ##5, 6) dismissing the complaint in part for failure to state a claim, resulting in dismissal of Defendants Barber, Beckwith, Bradley, Heyns, Howes, Jacobsen, and Little. The Court ordered service of the complaint on Defendants Ball, Curtin, McCarey, Sanders, Schiebner, and Thomas, solely with respect to a due process claim regarding Plaintiff's confinement in segregation. The matter presently is before the Court on Plaintiff's motion for reconsideration (docket #9) of that opinion and order.

Under Rule 54(b) of the Federal Rules of Civil Procedure, a non-final order is subject to reconsideration at any time before entry of a final judgment. *Id.*; *see also ACLU v. McCreary County*, 607 F.3d 439, 450 (6th Cir. 2010). Western District of Michigan Local Civil Rule 7.4(a) provides that "motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted." Further, reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been misled . . . [and] that

a different disposition must result from a correction thereof." *Id.*

As indicated in the Court's April 19, 2013 opinion, Plaintiff's claims arise from: (1) an extended period of confinement in segregation; (2) the confiscation of funds from his prison account; and (3) a petition for certiorari to the United States Supreme Court in his federal habeas corpus action that was not timely filed by the prison legal writer program.

With respect to Plaintiff's confinement in segregation, the Court determined that he failed to state a claim against the officials who were involved in his initial placement in segregation, Defendants Beckwith and Jacobsen, but concluded that he stated a possible due process claim against the Defendants involved in review of his ongoing confinement in segregation. In response, Plaintiff argues that he had a right not to be confined in segregation, or at least a right not to be confined when it was determined that he did not commit a misconduct and was not a security threat. In support of his argument, Plaintiff cites Pennsylvania regulations, 37 Pa. Code § 95.104(b)(3), a legal treatise, "The rights of prisoners, fourth edition, volume #4," and a "department hearings handbook." (Mot., docket #9, Page ID##113-14.)

Plaintiff's argument is without merit. Prisoners do not have a freestanding constitutional right to avoid confinement in administrative segregation. Moreover, Pennsylvania law, legal treatises, and Michigan Department of Corrections (MDOC) policies do not define the boundaries of Plaintiff's constitutional rights. Furthermore, § 1983 does not provide redress for a violation of state law or prison policies. To state a viable due process claim, Plaintiff must identify a deprivation of a constitutionally-protected interest. For the reasons fully discussed in the Court's opinion, Plaintiff's initial placement in segregation by Defendants Beckwith and Jacobsen for a

limited time, subject to further review by the security classification committee, did not deprive him of such an interest.

Plaintiff further argues that MDOC Policy Directive 04.05.120, which authorizes prison officials to classify a prisoner to administrative segregation while a police investigation into prisoner misconduct is pending, is unconstitutionally vague because it does not specify a time period in which a prisoner must be released from segregation, after it has been determined that there is no evidence of guilt for the misconduct. However, Plaintiff does not have a constitutional right to release from segregation under certain conditions or within a given time period. What he has, at most, is a due process right to meaningful, periodic review of confinement that imposes an atypical and significant hardship. If that review is provided, then due process is satisfied. Prison officials could have many reasons for confining a prisoner in segregation while a police investigation into prisoner misconduct is pending, even if the prisoner is not guilty of that misconduct. Thus, the policy need not specify a time period for release from segregation.

Plaintiff further contends that Defendant Barber should be held liable for "condoning" the actions of other prison officials because he wrote a letter telling Plaintiff that his "placement in segregation" was "appropriate" and was not a violation of policy. (Mot., docket #9, Page ID#115.) Plaintiff's new allegations do not save his claim against Barber. For the reasons discussed in the Court's prior opinion, Barber is not liable merely because he determined that another official's decision to place Plaintiff in segregation did not violate prison policy, or because he rejected a grievance on that issue. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (supervisor not liable for rejecting a grievance or failing to act on information contained therein).

With respect to the untimely filing of Plaintiff's petition for certiorari in his habeas corpus action, Plaintiff objects to the Court's determination that he failed to state an access-to-the-courts claim. The Court noted that Plaintiff did not identify his underlying habeas claims, as required by *Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002), and that any claim was likely to be frivolous, because, according to the Sixth Circuit, it was not even debatable that Plaintiff's habeas corpus petition should be dismissed as untimely. Plaintiff argues that the Sixth Circuit improperly applied the statute of limitations retroactively to a conviction occurring before the enactment of the one-year statute of limitations in the AEDPA, but the Court discerns no error in the Sixth Circuit's opinion. The Sixth Circuit noted that Plaintiff's petition was untimely, even if the statute of limitations did not start to run until the effective date of the AEDPA. *See Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001) (providing a one-year grace period for convictions that become final prior to the effective date of the AEDPA, starting on the effective date), *cert. denied*, 534 U.S. 1135 (2002). Plaintiff also claims that a motion for relief from judgment that he filed after the statute of limitations had expired tolled the limitations period. However, tolling does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton*, 256 F.3d at 408. Once the limitations period is expired, a motion for relief from judgment can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). In short, the Court discerns no error in the Sixth Circuit's dismissal of Plaintiff's habeas petition, or in the Court's dismissal of Plaintiff's access-to-the-courts claim.

Plaintiff also objects to dismissal of his Eighth Amendment claim, asserting only that Defendants engaged in excessive force or subjected him to cruel and unusual punishment. Plaintiff's conclusory statements do not save his Eighth Amendment claim from dismissal.

Next, Plaintiff objects to the dismissal of his religious-exercise claim. The Court previously concluded that he failed to state enough facts to make out a plausible claim. In his motion, Plaintiff adds additional facts, stating that he requested an opportunity to attend a Nation of Islam religious service, and that Warden Curtin referred his request to Chaplain Duby, who is not a Defendant in this action. Duby allegedly denied Plaintiff's request based on MDOC Policy Directive 04.05.120, which states that group religious services are not provided to inmates in segregation.

Even if the Court accepts the foregoing allegations as an amendment to the complaint,[1] Plaintiff does not state a claim against Defendants. Plaintiff does not contend that Curtin, or any other Defendant, participated in Duby's decision to deny Plaintiff access to group religious services. He merely alleges that Curtin forwarded his request to another prison official. Absent some sort of personal involvement in the alleged unconstitutional conduct, however, Curtin may not be held liable for the conduct of her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

---

[1] In *LaFountain v. Harry*, — F.3d —, 2013 WL 2221569 (6th Cir. May 22, 2013), the Sixth Circuit held that a court can allow a prisoner to amend his complaint in accordance with Rule 15 of the Federal Rules of Civil Procedure, even if the complaint is subject to dismissal under the Prison Litigation Reform Act. *Id.* at *5 (overruling *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997)).

Furthermore, while inmates retain First Amendment rights to the free exercise of religion, prison officials may impinge on these constitutional rights where their actions are "reasonably related to legitimate penological interests." *See Flagner v. Wilkinson*, 241 F.3d 475, 483 (6th Cir. 2001) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). To determine whether a prison official's actions are reasonably related to a legitimate penological interest, the Court must assess the official's actions by reference to the following factors:

1. does there exist a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it;

2. are there alternative means of exercising the right that remain open to prison inmates;

3. the impact that accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and

4. whether there are ready alternatives available that fully accommodate the prisoner's rights at de minimis cost to valid penological interests.

*Flagner*, 241 F.3d at 484 (quoting *Turner*, 482 U.S. at 89-91).

According to Plaintiff, he was denied the opportunity to attend religious services because he was in segregation. Clearly, prison officials have a legitimate penological interest in preventing prisoners confined in segregation from participating in group activities. The purpose of segregation, after all, is to separate the prisoner from the general prison population. Furthermore, Plaintiff does not allege that other means of exercising his religion were unavailable to him. Thus, Plaintiff's allegations regarding Duby's decision, and the policy that Duby relied upon to make that decision, do not state a violation of Plaintiff's First Amendment rights.

Plaintiff also objects to the dismissal of his due process claim regarding the MDOC's withdrawal of funds from his account. Plaintiff contends that prison officials did not have authority to remove the funds from his account. The Court dismissed Plaintiff's claim because he

acknowledged that he received notice and a hearing on the matter, thereby satisfying his right to due process. Plaintiff does not challenge the Court's determination in that regard;[2] thus, reconsideration is not warranted.

Finally, Plaintiff contends that the Court should not dismiss Defendants for failure to state a claim without giving Plaintiff an opportunity to amend his complaint to correct any deficiencies. The Court has not deprived Plaintiff of that opportunity. Instead, the Court has reviewed all of the additional facts asserted in the motion for reconsideration and concludes that, even if they had been alleged in the complaint, they are not sufficient to save the dismissed claims. In sum, the Court has reviewed the facts and arguments raised by Plaintiff and finds no basis for reconsidering its prior decision. Accordingly, for the reasons discussed herein and in the opinion issued April 19, 2013,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (docket #9) is **DENIED**.


Dated:   June 19, 2013                         /s/ Janet T. Neff
                                               Janet T. Neff
                                               United States District Judge

---

[2]Plaintiff challenges the Court's alternate holding that his claim appears to be barred by the doctrine in *Parratt v. Taylor*, 451 U.S. 527 (1981). Plaintiff claims that post-deprivation remedies are not adequate because the time for him to file a state-court action has passed. However, Plaintiff's failure to use a post-deprivation remedy that was available to him at one time does not mean that the remedy is inadequate. *See id.* at 543-44.