UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEXTER EARL HOLLINS,

    Plaintiff,

v

CINDI CURTIN, et al.,

    Defendants.
_____/

Case No. 1:13-cv-008

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving events that transpired while Plaintiff was incarcerated at the Oaks Correctional Facility and Lakeland Correctional Facility. Plaintiff initiated this litigation on January 4, 2013, suing multiple prison officials. The remaining Defendants[1] filed a motion for summary judgment (Dkt 69). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 76).[2] Defendants have filed a response (Dkt 77). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court

---

[1] Michigan Department of Corrections Director Daniel Heyns and Regional Prison Administrator (RPA) (unknown) Curely; and Oaks Correctional Facility officials: Warden Cindi Curtin, Deputy Warden Timothy Ball, Resident Unit Managers (RUMs) Robert Sanders and Jason Thomas, ARUS Robert McCarey, Inspector (unknown) Schiebner; Deputy Warden (unknown) Sharp, RUM G. Miniard, and ARUS (unknown) Bengelink.

[2] Defendants incorrectly assert that Plaintiff submitted his objections beyond the 14-day deadline (Dkt 77 at 2). However, Defendants failed to take into account the three-day extension of time to respond after service by mail, which renders Plaintiff's objections timely. FED. R. CIV. P. 6(d).

has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff sets forth three objections to the Report and Recommendation: (1) the Magistrate Judge erred by improperly weighing the duration of his segregation; (2) the periodic reviews of Plaintiff's status were not meaningful; and (3) Plaintiff was improperly placed in segregation (Objs. Dkt 76 at 2-3, 6, 8). Plaintiff's arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

I. Duration of Segregation

In Plaintiff's first objection, he appears to argue that the Magistrate Judge failed to assign proper significance to the duration of his time in segregation (Objs., Dkt 76 at 4). Specifically, Plaintiff argues that the length of his confinement, 28 months, is "'a critical factor'" in determining whether segregation constituted an atypical and significant hardship amounting to deprivation of a liberty interest (*see id.* at 2-6).

Plaintiff cites extensively from case law to advance his position, but he relies on decisions from the Second Circuit Court of Appeals (*id.* at 2-5).[3] First, such is not binding authority on this Court. Second, as Defendants point out, the Sixth Circuit has addressed this very issue, holding that duration of confinement is a relevant factor to be considered in determining whether segregation constituted an atypical and significant hardship so as to implicate a protected liberty interest (Dkt 77 at 3) (citing *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012)). However, the Sixth Circuit also noted that "[i]t is not 'atypical' for a prisoner to be in segregation while his or her

---

[3]Plaintiff fails to cite any authority from the Sixth Circuit.

participation in violent conduct inside the prison walls is investigated." *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998).

The Magistrate Judge properly applied the appropriate legal standards to Plaintiff's claims and correctly concluded that Plaintiff's time in segregation did not constitute an atypical and significant hardship (R&R, Dkt 74 at 16-17). The record indicates that Plaintiff's release from segregation was authorized the same day prison officials learned Plaintiff was no longer being investigated in connection with the murder of a fellow inmate (*id.* at 16, citing Dkt 70, Ex. 3 at 2). Therefore, Plaintiff has demonstrated no error by the Magistrate Judge.

## II. Periodic Reviews

Next, Plaintiff argues that the periodic reviews he received while in segregation were insufficient to afford him due process (Objs., Dkt 76 at 2). Plaintiff asserts that when a prisoner is placed in segregation for a prolonged time, "his situation should be reviewed periodically in a meaningful way and by relevant standards to determine whether he should be retained in segregation or returned to general population" (*id.* at 5-6) (emphasis original). Plaintiff essentially argues that prison officials should have done more to keep themselves apprised of the investigation to render the reviews meaningful. *Id.* However, as the Magistrate Judge noted, prison officials regularly communicated with the Michigan State Police to assess the status of the murder investigation that involved Plaintiff (R&R, Dkt 74 at 16) (citing Dkt 38, Ex. 4). Moreover, Defendants submitted records demonstrating that Plaintiff's placement in segregation was reviewed monthly via a Segregation Behavior Review, biannually by the Warden, and annually by RPA (R&R, Dkt 74 at 16, citing Defs. Br., Dkt 38, Ex. 5). Plaintiff's mere disagreement that these reviews were sufficient does not demonstrate error.

Plaintiff also argues that there was no evidence to keep him in segregation, and that the justification that he was part of an ongoing murder investigation was insufficient. Plaintiff cites *Hughes v. Rowe*, 449 U.S. 5 (1980), for the proposition that "the due process clause does not countenance automatic investigative segregation of all inmate suspects" (Objs., Dkt 76 at 6). However, the facts of that case are distinguishable from those of the instant case. The prisoner-plaintiff in *Hughes* admitted that he consumed a "homemade alcoholic beverage." *Hughes*, 449 U.S. at 8. The Supreme Court held in that case that the prisoner-plaintiff's placement in segregation before he had a hearing was unnecessary because his offense did not involve violence. *Id.* at 11. Here, Plaintiff was being investigated for the murder of a fellow inmate, and Plaintiff had an initial hearing. Consequently, Plaintiff's objection demonstrates no error in the Magistrate Judge's analysis or conclusions.

### III.  MDOC Policy Directive 04.05.120

In his last objection, Plaintiff argues that under MDOC policy directive 04.05.120, the only reason he could have been held in administrative segregation is if he had been found guilty of a major/class one misconduct (Objs. Dkt 76 at 8). However, Plaintiff did not raise this argument before the Magistrate Judge. "[A] party's failure to raise an argument before the magistrate judge constitutes a waiver." *Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n.2 (6th Cir. July 15, 2010) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). To the extent that Plaintiff now asserts a new argument, such is deemed waived. Even if Plaintiff's new argument were proper, his objection is without merit. Defendants submitted a copy of the pertinent policy directive, which states that "[a] prisoner may be classified to administrative segregation only for the following reasons . . . [t]he prisoner is under investigation by an outside authority for suspected felonious

behavior and it is reasonably believed that the prisoner needs to be segregated while the investigation is pending" (Dkt 77, Ex. A at 2). Plaintiff's objection is without merit.

Plaintiff asserts several other arguments, none of which have merit. Plaintiff argues "procedural due process must be afforded when a prisoner is charged with an offense which may be referred to the district attorney for prosecution" (Objs. Dkt 76 at 9), and he cites *Miranda v. Arizona*, 384 U.S. 436, 486 (1966), as authority. However, that case dealt with the use of statements obtained in custodial interrogations of defendants in criminal prosecutions, not violations of prisoner procedural due process rights with respect to administrate segregation. Other than a bare recitation of case law, Plaintiff fails to show how *Miranda* applies to the instant case, and he points to no error committed by the magistrate judge.

Plaintiff also appears to argue that he should have been granted access to the evidence against him while the murder investigation was pending, which he claims also violates due process (Objs., Dkt 76 at 9). Plaintiff cites a case from the United States District Court of Connecticut,[4] which is distinguishable from the instant case because the prisoner in that case was not being investigated for murder, nor is there an indication that the prisoner in that case was contesting placement in administrative segregation. Plaintiff fails to demonstrate how this case has any bearing on the matter at hand.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore*

---

[4]*Coppola v. U.S. Atty. Gen.*, 455 F. Supp. 15 (D. Conn. 1977).

*v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 76) are DENIED and the Report and Recommendation (Dkt 74) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 69) is GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the decision would not be taken in good faith.


Dated: March 30 , 2015              /s/ Janet T. Neff
                                    JANET T. NEFF
                                    United States District Judge